IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA YAGHOUBI, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.  25-cv-2345 |
| | ) | |
| SAM'S CLUB HODGKINS, ILLINOIS SAM'S | ) | |
| CLUB STORE/GROCERY IN HODGKINS | ) | |
| ILLINOIS #6384; ELDER _____, STORE | ) | |
| MANAGER OR MANAGER OF FRUITS AND | ) | |
| VEGETABLES, and WALMART, INC. d/b/a | ) | |
| SAM'S CLUB IN HODGKINS STORE #6384 | ) | |

## NOTICE OF REMOVAL

NOW COME Defendants, SAM'S WEST, INC., incorrectly named as SAM'S CLUB

HODGKINS, ILLINOIS SAM'S CLUB STORE/GROCERY IN HODGKINS ILLINOIS #6384

("SAM'S CLUB") and WALMART INC. by and through its attorneys, James P. Balog and Ariel

T. Flood of Johnson & Bell, Ltd., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this

action to the United States District Court for the Northern District of Illinois, Eastern Division, and in

support thereof, states as follows:

1.     The movants' Notice of Removal is based upon subject matter jurisdiction

conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2.     On December 30, 2024, Plaintiff filed her Complaint in the Circuit Court of Cook

County, Law Division against SAM'S CLUB, WALMART INC. and a fictious Sam's Club

employee, "Elder ____, Store Manager or Manger of Fruits and Vegetables," which contained an ad

damnum of $100,000, in excess of the jurisdiction limit of that court for her alleged injuries. (*See*

Plaintiff' s Complaint, attached as Exhibit A).

3.      Upon information and belief, Plaintiff was, at all relevant times, residing and domiciled in the State of New York and a citizen of the State of New York. (*See* attached Incident Report , Exhibit B)

4.      The fictious Sam's Club Employee, "Elder ____, Store Manager or Manger of Fruits and Vegetables," has no residency or domicile, and has not been properly served.

5.      "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the citizenship of the fictious Sam's Club employee may be disregarded for the purposes of this notice of removal.

6.      Both at the time of the commencement of the State Court action and at the present time, Defendant, SAM'S CLUB, has its executive headquarters located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit C).

7.      Both at the time of the commencement of the State Court action and at the present time, Defendant, WALMART INC., is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit D).

8.      "[T]he phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). As such, the state where a corporation's executive headquarters is located is considered its principal place of business and is where the corporation is considered domiciled. Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, WALMART INC. is and has been a citizen of Delaware and Arkansas. Therefore, at all pertinent times, SAM'S CLUB, is and has been a citizen of Arkansas.

9.    SAM'S WEST, INC. and WALMART INC. first received Plaintiff's Complaint when they were served with process on February 13, 2025. (*See* Affidavits of Service, attached as Exhibit E). In response to the Complaint, SAM'S WEST, INC. and WALMART INC. filed an appearance on February 26, 2025. (See Appearance, attached as Exhibit F).

10.    A defendant may remove an action from state court to federal court, based on diversity jurisdiction, pursuant to the provisions of 28 U.S.C. § 1446.

11.    Under § 1446, a defendant may file a notice of removal within thirty days of receiving a copy of the complaint.

12.    Thirty days have not elapsed since SAM'S CLUB and WALMART INC. were served on February 13, 2025 with the Summons and Complaint wherein Defendants ascertained that the case is one which is removable, and therefore the requirements of 28 U.S.C. § 1446(b) have been met.

13.    Venue and removal to this District are proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Cook County is located within this District and Division.

14.    Pursuant to 28 U.S.C. §1332, SAM'S CLUB and WALMART INC. believe in good faith that the amount in controversy exceeds $75,000, based on the ad damnum and based on Plaintiff's allegations that she sustained severe and permanent injuries, and damages.

1.    As required by 28 U.S.C. § 1446(d), the movants will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

2.    By removing this action, SAM'S CLUB and WALMART INC. do not waive any defenses available to it.

3.    If any question arises as to the propriety of the removal of this action, the movants requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

4.      This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, SAM'S WEST, INC. and WALMART INC. pray that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: March 5, 2025

Respectfully submitted,

JOHNSON & BELL, TLD.

By:      */s/ Ariel T. Flood*
          One of the Attorneys for Defendants,
          SAM'S WEST, INC. and WALMART INC.

James P. Balog, Esq.
Ariel T. Flood, Esq.
JOHNSON & BELL, LTD
33 w. Monroe Street, Suite 2700
Chicago, IL 60603
Tel: 312-984-0282
baloga@jbltd.com
flooda@jbltd.com

Law Division Motion Section Initial Case Management Dates for (2-Persons) (A, B, C, D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

FILED
12/30/2024 6:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L014868
Calendar, R
30774189

## IN THE CIRCUIT COURT OF COOK, ILLINOIS
## COOK COUNTY LAW DIVISION

| | |
|---|---|
| **MARIA YAGHOUBI** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| v. | ) **Court No.** |
| | ) |
| **SAM'S CLUB HODGKINS, ILLINOIS SAM'S CLUB** | ) **JURY DEMAND** |
| **STORE/ GROCERY IN HODGKINS ILLINOIS** | ) |
| **#6384; ELDER _____, STORE MANAGER OR** | ) |
| **MANAGER OF FRUITS AND VEGETABLES, and** | ) |
| **WALMART, INC. d/b/a SAM'S CLUB IN** | ) |
| **HODGKINS STORE # 6384** | ) |
| | ) |
| **DEFENDANTS** | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **MARIA YAGHOUBI**, by and through her attorneys, THE

LAW OFFICE OF MARTIN L. GLINK, and complaining of Defendants **SAM'S CLUB**

**HODGKINS, ILLINOIS SAM'S CLUB STORE/ GROCERY IN HODGKINS IL. STORE**

**# 6384 ; ELDER ____(last name unknown) , the MANAGER OF THE STORE OR**

**MANAGER OF FRUITS AND VEGETABLES DEPARTMENT; and WALMART, INC.**

**d/b/a SAM'S CLUB IN HODGKINS STORE # 6384**,  stating hypothetically and in the

alternative as follows:

## COUNT I – SAM'S CLUB HODGKINS, ILLINOIS, SAM"S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384

1. On or about July 10, 2024, Defendants  **SAM'S CLUB HODGKINS, ILLINOIS**

    **SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384,** had a

    principal place of business located at 9500 Joliet Road, Hodgkins, Cook County, Illinois.

1

**EXHIBIT A**

FILED DATE: 12/30/2024 6:21 PM   2024L014868

2. On and before July 10, 2024, **SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384,** transacted substantial business in COOK COUNTY Illinois.

3. On or about July 10, 2024, Defendant **HODGKINS SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** , operated a retail and grocery store at 9500 Joliet Road, Hodgkin's, Cook County Illinois.

4. On said date **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** controlled the retail and grocery store.

5. On said date **SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** maintained the retail and grocery store.

6. On said date **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** possessed the retail and grocery store.

7. On said date **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** managed the retail and grocery store.

8. On said date **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** leased the retail and grocery store.

9. On said date, Plaintiff **MARIA YAGHOUBI** was lawfully walking and grocery shopping at the SAMS CLUB Hodgkins Defendants, which had a slipping hazard at or near its fruit bin.

10. On said date **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** had a duty to safely own, possess, operate, maintain, manage and control the retail and grocery store and to protect the

FILED DATE: 12/30/2024 6:21 PM  2024L014868

safety of persons, customers and shoppers lawfully on said premises, including Plaintiff.

11. The Defendant **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** was then and there guilty of one or more of the following negligent acts and/or omissions and breaches of duty owed to the **Plaintiff MARIA YAGHOUBI:**

    a.  Created a dangerous fruit bin allowing cherries, berries and fruit to fall out of the fruit bin;

    b.  Allowed fruit to remain on its floor at or near its fruit display posing a slippery hazard to customers and shoppers who might slip, or slip and fall;

    c.  Failed to properly inspect areas of its store including the fruit bin for hazardous, foreign debris on the floor;

    d.  Failed to warn or make its floor safe at or near its fruit bin that debris, fruit, or other foreign substances which were on its floor posing a danger to customers or shoppers;

    e.  Failed to protect customers by using a metal counter border strip surrounding its fruit bins to protect its customers from falling debris, fruit or similar product from falling onto the floor;

    f.  Failing to create and provide a safe shopping experience for its customers or shoppers.

    g.  Created a dangerous, slippery hazard at or near its fruit bin which allowed fruit and debris to fall onto its floor.

12. Defendants knew or should have known of the above, negligent, hazardous defects, had actual or constructive notice of the danger due to one or more of the following:

3

a. Allowing a cherry/berry which fell from its fruit bin which remained on its floor for a sufficient time for defendant to warn or make safe; and

b. Had prior, similar accidents.

c. Created the slippery hazardous condition by making a fruit bin prone to fruit falling out of it so loose fruit on the floor posed a slip hazard.

13. One or more of the aforesaid conditions of the retail grocery store existed for a sufficient period of time that the Defendants **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** either knew, or in the exercise of ordinary care, should have known of the dangerous condition of the premises.

14. On July 10, 2024, **MARIA YAGHOUBI** was injured.

15. On July 10, 2024, **MARIA YAGHOUBI** was injured when she slipped and virtually fell on the slip hazard in the customer shopping aisle.

16. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of **SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384, COOK COUNTY, ILLINOIS, PLAINTIFF, MARIA YAGHOUBI** was injured, damaged and incapacitated, was caused to incur medical, hospital and related expenses, was caused to suffer physical and mental pain, disability, disfigurement, and the loss of a normal life, all of which injuries and conditions are permanent.

17. At all times, the Plaintiff **MARIA YAGHOUBI** was in the exercise of ordinary and reasonable care for her own safety, when compared to the negligence of the **DEFENDANTS SAM'S CLUB HODGKINS, ILLINOIS SAM'S CLUB STORE /**

4

FILED DATE: 12/30/2024 6:21 PM 2024L014868

FILED DATE: 12/30/2024 6:21 PM    2024L014868

**GROCERY IN HODGKINS IL STORE # 6384.**

18.  Plaintiff **MARIA YAGHOUBI** was zero percent negligent and **Defendants SAM'S CLUB SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** were one hundred percent negligent, or in the alternative, the greater negligent party.

**WHEREFORE,** Plaintiff **MARIA YAGHOUBI** demands judgment against Defendants, **SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** in such an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) as the jury deems fair and just, plus costs.

## COUNT II – ELDER ___-, STORE MANAGER OR MANAGER OF FRUITS AND VEGETABLES

19. On or about July 10, 2024, Defendant **ELDER ____, MANAGER OF SAM'S CLUB HODGKINS, ILLINOIS SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384,** resided and lived in Cook County Illinois.

20. On and before July 10, 2024, **Elder ____, Store Manager or fruit and vegetable manager at SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384,** allowed, permitted, and sold or helped sell fruit and vegetables in **COOK COUNTY Illinois.**

21. On or about July 10, 2024, Defendant, **ELDER ____, MANAGER at HODGKINS SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** , operated a retail grocery store and the fruit and vegetable department at 9500 Joliet Road, Hodgkin's, Cook County Illinois.

22. On said date Defendant **ELDER _____, MANAGER OF SAM'S CLUB**

5

FILED DATE: 12/30/2024 6:21 PM 2024L014868

**HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** controlled the retail grocery store and the fruit and vegetable department.

23. On said date Defendant **ELDER _____, MANAGER OF SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** maintained the retail grocery store and the fruit and vegetable department.

24. On said date Defendant **ELDER ____, MANAGER OF SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY STORE AND THE FRUIT AND VEGETABLE DEPARTMENT IN HODGKINS IL STORE # 6384** managed the aforesaid retail grocery store and the fruit and vegetable department.

25. On said date, Plaintiff **MARIA YAGHOUBI** was lawfully walking and grocery shopping at the **SAMS CLUB** Hodgkins, **COOK COUNTY** , which had a slipping hazard at or near its fruit bin.

26. On said date Defendant **ELDER _____, MANAGER OF SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERYSTORE AND THE FRUIT AND VEGETABLE DEPARTMENT IN HODGKINS IL STORE # 6384** had a duty to safely possess, operate, maintain, manage and control the retail grocery store fruit and vegetable department, and to protect the safety of persons, customers and shoppers lawfully on said premises, including Plaintiff.

27. The Defendant **ELDER _____, MANAGER OF SAM'S CLUB HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY STORE AND THE FRUIT AND VEGETABLE DEPARTMENT IN HODGKINS IL STORE # 6384** was then and there guilty of one or more of the following negligent acts and/or omissions and breaches of duty owed to the Plaintiff **MARIA YAGHOUBI:**

6

FILED DATE: 12/30/2024 6:21 PM   2024L014868

h. Created a dangerous fruit bin allowing cherries, berries and fruit to fall out of the fruit bin;

i. Allowed slippery fruit to remain on its floor at or near the fruit display posing a hazard to customers and shoppers who might slip, or slip and fall;

j. Failed to properly inspect areas of its store including the fruit bin for hazardous, fruit and foreign debris on the floor;

k. Failed to warn or make its floor safe at or near the fruit bin that debris, fruit, or other foreign substances were on its floor posing a danger to customers or shoppers;

l. Failed to protect customers by using a metal counter border strip surrounding its fruit bins to protect customers from falling debris, fruit or similar product from falling onto the floor;

m. Failing to create and provide a safe shopping experience for customers or shoppers.

n. Created a slippery hazardous fruit and vegetable bin and floor.

28. Defendant **ELDER** _____, knew or should have known of the above, negligent, hazardous defects, had actual or constructive notice of the danger due to one or more of the following:

d. Allowed a cherry/berry which fell from its fruit bin which remained on its floor for a sufficient time for defendant to warn or make safe; and

e. Had prior, similar accidents.

29. One or more of the aforesaid conditions of the property existed for a sufficient period of time that the Defendants **ELDER** _____, **MANAGER OF SAM'S CLUB**

7

**HODGKINS, ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL**

**STORE # 6384,** and the fruit and vegetable department, either knew, or in the exercise of

ordinary care, should have known of the dangerous condition of the premises.

30. On July 10, 2024, **MARIA YAGHOUBI** was injured.

31. On July 10, 2024, **MARIA YAGHOUBI** was injured when she slipped and virtually fell

on the slip hazard in the customer shopping aisle at or near the fruit and vegetable bin.

32. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of

Defendant **ELDER ____, MANAGER OF SAM'S CLUB HODGKINS, ILLINOIS,**

**SAM'S CLUB STORE / GROCERY STORE AND ITS FRUIT AND VEGETABLE**

**DEPARTMENT AND BIN, IN HODGKINS IL STORE # 6384, COOK COUNTY,**

**ILLINOIS, PLAINTIFF, MARIA YAGHOUBI** was injured, damaged and

incapacitated, was caused to incur medical, hospital and related expenses, was caused to

suffer physical and mental pain, disability, disfigurement, and the loss of a normal life, all

of which injuries and conditions are permanent.

33. At all times, the Plaintiff **MARIA YAGHOUBI** was in the exercise of ordinary and

reasonable care for her own safety, when compared to the negligence of the **Defendant**

**ELDER _____, MANAGER OF DEFENDANTS SAM'S CLUB HODGKINS,**

**ILLINOIS SAM'S CLUB STORE / GROCERY STORE AND THE FRUIT AND**

**VEGETABLE DEPARTMENT AND FRUIT AND VEGETABLE BIN IN**

**HODGKINS IL STORE # 6384.**

34. Plaintiff **MARIA YAGHOUBI** was zero percent negligent and Defendant **ELDER**

**_____, MANAGER OF SAM'S CLUB SAM'S CLUB STORE / GROCERY**

**STORE AND THE FRUIT AND VEGETABLE DEPARTMENT AND BIN IN**

8

FILED DATE: 12/30/2024 6:21 PM 2024L014868

FILED DATE: 12/30/2024 6:21 PM   2024L014868

**HODGKINS IL STORE # 6384** was one hundred percent negligent, or in the alternative, the greater negligent party.

**WHEREFORE**, Plaintiff **MARIA YAGHOUBI** demands judgment against Defendant **ELDER _____, MANAGER OF SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY STORE AND THE FRUIT AND VEGETABLE DEPARTMENT AND BIN IN HODGKINS IL STORE # 6384** in such an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) as the jury deems fair and just, plus costs.

## COUNT III –   WALMART, INC.

35. On or about July 10, 2024, Defendant **WALMART, INC,** was a foreign Corporation, incorporated in Delaware and licensed to do business in **COOK COUNTY**, in the State of Illinois.

36. On and before July 10, 2024, **WALMART INC**. had stores in **COOK COUNTY**, one being in Hodgkins, Illinois.  **WALMART INC**. transacted substantial business in **COOK COUNTY Illinois**.

37. On or about July 10, 2024, Defendant **WALMART INC**. operated a property commonly known as **SAM'S CLUB HODGKINS ILLINOIS, SAM'S CLUB STORE / GROCERY IN HODGKINS IL STORE # 6384** located at 9500 Joliet Rd., **Hodgkins, IL,** County of Cook.

38. On said date **WALMART INC**. owned the retail grocery store.

39. On said date **WALMART INC**. maintained the retail grocery store.

40. On said date **WALMART INC**. possessed the retail grocery store.

9

FILED DATE: 12/30/2024 6:21 PM   2024L014868

41. On said date **WALMART INC**. managed the retail grocery store.

42. On said date **WALMART INC**. leased the aforesaid property.

43. On said date, Plaintiff **MARIA YAGHOUBI** was lawfully walking and grocery shopping in **SAMS CLUB /WALMART INC**., which had a slip/trip hazard by having fruit, vegetables berries or other debris and food on the floor.

44. On said date **WALMART INC**. had a duty to safely own, possess, operate, maintain, manage and control the retail grocery store, and to protect the safety of persons lawfully on said premises, including Plaintiff.

45. The Defendant **WALMART INC**. was then and there guilty of one or more of the following negligent acts and/or omissions and breaches of duty owed to the Plaintiff **MARIA YAGHOUBI:**

   a. Created a dangerous fruit bin allowing cherries, berries and fruit to fall out of the fruit bin;

   b. Allowed slippery fruit to remain on its floor at or near its fruit display posing a slippery hazard to shoppers and customers who might slip, or slip and fall;

   c. Failed to properly inspect areas of its store including the fruit bin for hazardous, foreign debris on the floor;

   d. Failed to warn or make safe its floor at or near its fruit bin that debris, fruit, or other debris and foreign substances were on its floor posing a danger to customers or shoppers;

   e. Failed to protect customers by using a metal counter border strip surrounding its fruit bins to protect its customers and shoppers from falling debris, fruit or similar product from falling onto the floor;

10

FILED DATE: 12/30/2024 6:21 PM   2024L014868

f.   Failing to create and provide a safe shopping experience for its customers or shoppers.

g.   Created the dangerous and hazardous fruit and vegetable bin so it would allow fruit, vegetables, berries and debris to fall onto the floor creating a slip hazard.

h.   Created policies and procedures to prevent slip hazards but failed to properly state them, train its workers, agents, managers, and employees and enforce those policies to prevent slip hazards on its floors and failed to provide a proper and safe shopping experience.

46. Defendant Walmart, Inc., knew or should have known of the above, negligent, hazardous, slip defects, had actual or constructive notice of the danger due to one or more of the following:

a.   Allowing a cherry/berry which fell from its fruit bin which remained on its floor for a sufficient time for defendant to warn or make safe;

b.   Had prior, similar slip accidents.

c.   Created the slippery, hazardous condition despite knowledge of the danger.

47. One or more of the aforesaid conditions of the store and fruit and vegetable bin existed for a sufficient period of time prior to July 10, 2024, that the Defendant WALMART INC. either knew, or in the exercise of ordinary care, should have known of the dangerous, slippery condition of the premises.

48. On July 10, 2023, Plaintiff **MARIA YAGHOUBI** was injured.

49. On July 10, 2023, Plaintiff **MARIA YAGHOUBI** was injured when she tripped and fell on the slip hazard defect in the store aisle at or near the fruit and vegetable bin.

50. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of

11

FILED DATE: 12/30/2024 6:21 PM    2024L014868

**WALMART INC., MARIA YAGHOUBI** was injured, damaged and incapacitated, was caused to incur medical, hospital and related expenses, was caused to suffer pain, disability, disfigurement, and the loss of a normal life, all of which injuries and conditions are permanent.

51. At all times, the Plaintiff **MARIA YAGHOUBI** was in the exercise of ordinary and reasonable care for her own safety, when compared to the negligence of the Defendant **WALMART INC.,** Plaintiff **MARIA YAGHOUBI** was zero percent negligent and **Defendant WALMART INC.** was one hundred percent negligent, or in the alternative, the greater negligent party.

**WHEREFORE,** Plaintiff **MARIA YAGHOUBI** demands judgment against Defendant, **WALMART INC.** in such an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) as the jury deems fair and just, plus costs.

Respectfully submitted,

LAW OFFICE OF MARTIN L. GLINK

*s/s MARTIN L. GLINK*

**LAW OFFICE OF MARTIN L. GLINK**
1655 N. Arlington Heights Road, Suite 100E
Arlington Heights, IL 60004
847-394-4900
Atty. No. 3179
ARDC No. 973912
mglink@glinklaw.com

12



# Customer Incident Report



| Facility #:<br>6384 | Date of Incident:<br>07 / 10 /2024 | Time of Incident:<br>06:05        am / pm |
|---|---|---|

| Legal Name:<br>Maria Yaghoubi | | |
|---|---|---|

| Date of Birth:<br>      /      / | SSN: | |
|---|---|---|

| Mailing Address:<br>442 Ardsley Rd | | |
|---|---|---|

| City:<br>Scarsdale | State:<br>NY | Zip Code:<br>10583 |
|---|---|---|

| Home Phone #:<br>( 914 ) 5824483 | Cell Phone #:<br>( 914 ) 5824483 | Alternate Phone #:<br>( 914 ) 5824483 |
|---|---|---|

| Email Address:<br>maria.yaghoubi@gmail.com | | |
|---|---|---|

Describe in your own words, the events leading up to the incident:

Rounded the corner in the frozen food section and slipped on a piece of fruit that was on the ground. I am wearing an air cast boot  as I had surgery for torn tendons on June 11th.

Identify and describe the location of the incident:

Frozen food section

List name, address, and phone number of any witness(es) to the incident:

Jacob Araiza: 7083877030 9500 Joliet Rd
Hodgkins,IL 60525

Leila Yaghoubi: 9145822483 442 Ardsley Rd Scarsdale,
NY 10583

Name of associate the incident was reported to and/or other associates in the area:

Norma Slana

Customer Signature: _____ Date: 2024-07-10

Management Signature: _____ Date: 2024-07-10

A copy of this statement will be made available to you upon request.



Revised: 02/12/2018

**EXHIBIT B**



Search Incorporations, Cooperatives, Banks and Insurance Companies

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | SAM'S WEST, INC. |
| Fictitious Names | SAM'S CLUB |
| | SAM'S CLUB |
| | SAM'S CLUB #4749 |
| | SAM'S CLUB #4754 |
| | SAM'S CLUB #4754 LIQUOR BOX |
| | SAM'S CLUB #4825 |
| | SAM'S CLUB #4969 |
| | SAM'S CLUB #8104 |
| | SAM'S CLUB #8134 |
| | SAM'S CLUB #8209 |
| | SAM'S CLUB 4749 FUEL CENTER |
| Filing # | 100167265 |
| Filing Type | For Profit Corporation |
| Filed under Act | Dom Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 01/29/1999 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | JOHN FURNER , President |
| | KERRY KOTOUC , Secretary |
| | ANTHONY WALKER , Vice-President |
| | MATTHEW ALLEN , Treasurer |
| | MICHAEL COOK , Controller |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |
| Purchase a Certificate of Good Standing for this Entity | Pay Franchise Tax for this corporation |

**EXHIBIT C**



## Search Incorporations, Cooperatives, Banks and Insurance Companies

Notice: This is only a preliminary search and no guarantee that a name is available for initial filing
until a confirmation has been received from the Secretary of State after filing has been processed

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | C DOUGLAS MCMILLON , President |
| | GORDON ALLISON , Secretary |
| | WAYNE HAMILTON , Vice-President |
| | MATTHEW ALLEN , Treasurer |
| | DAVID CHOJNOWSKI , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, AR 72716 |
| State of Origin | DE |

**Purchase a Certificate of Good
Standing for this Entity**      **Pay Franchise Tax for this corporation**



**EXHIBIT
D**



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

CASE NUMBER: 2024L014868  SHERIFF NUMBER: 20181049  MULT. SER.: 4  DOC. TYPE: LAW

DIE DATE: 03/07/2025  RECEIVED DATE: 02/10/2025  FILED DATE: 02/07/2025  DIST: 604

| | |
|---|---|
| DEFENDANT: SAMS CLUB HODGKINS | PLAINTIFF: YAGHOUBI, MARIA |
| ADDRESS: 208 S LASALLE | ATTORNEY: MARTIN L GLINK |
| CITY: CHICAGO | ADDRESS: 1655 N ARLINGTON HEIGHTS RD |
| STATE: IL  ZIP CODE: 60604 | CITY: ARLINGTON HEIGHTS |
| ATTACHED FEE AMT: | STATE: IL  ZIP CODE: 60004 |
| SERVICE INFORMATION: C/O: CT CORPORATION, 30 DAYS | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

☐ **(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

WRIT SERVED ON: D. ANDERSON

SEX: F  RACE: BL  AGE: 40

THIS 13 DAY OF February 20 25

TIME: 12:00 PM

ATTEMPTED SERVICES
Date  Time  Star #

THOMAS J. DART,
SHERIFF, BY: /S/  GIBSON, ANDY #11216  , DEPUTY

**EXHIBIT E**



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **CASE NUMBER:** 2024L014868 | **SHERIFF NUMBER:** 20181049 | **MULT. SER.:** 4 | **DOC. TYPE:** LAW |
| **DIE DATE:** 03/07/2025 | **RECEIVED DATE:** 02/10/2025 | **FILED DATE:** 02/07/2025 | **DIST:** 604 |

| Date | Time | Star # |
|---|---|---|



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **CASE NUMBER:** 2024L014868 | **SHERIFF NUMBER:** 20181052 | **MULT. SER.:** 4 | **DOC. TYPE:** LAW |
| **DIE DATE:** 03/07/2025 **RECEIVED DATE:** 02/10/2025 | **FILED DATE:** 02/07/2025 | **DIST:** 604 |

| | |
|---|---|
| **DEFENDANT:** WALMART, INC | **PLAINTIFF:** YAGHOUBI, MARIA |
| ADDRESS: 208 S LASALLE | **ATTORNEY:** MARTIN L GLINK |
| CITY: CHICAGO | ADDRESS: 1655 N ARLINGTON HEIGHTS RD |
| STATE: IL ZIP CODE: 60604 | CITY: ARLINGTON HEIGHTS |
| ATTACHED FEE AMT: | STATE: IL ZIP CODE: 60004 |
| SERVICE INFORMATION: C/O: CT CORPORATION, R/A: D/B/A SAMS CLUB IN HOD | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE  DAY OF _  20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

☐ **(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

WRIT SERVED ON:  D. ANDERSON

ATTEMPTED SERVICES

SEX: F RACE: BL AGE: 40

Date     Time     Star #

THIS 13 DAY OF February 20 25

TIME: 12:00 PM

THOMAS J. DART,

SHERIFF, BY: /S/ GIBSON, ANDY #11216 , DEPUTY

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, R

FILED DATE: 2/26/2025 3:43 PM  2024L014868

FILED
2/26/2025 3:43 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L014868
Calendar, R
31585274

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARIA YAGHOUBI,                                )
                        Plaintiff,             )
        v.                                     )
                                               )        Case No.  2024 L 14868
                                               )
SAM'S CLUB HODGKINS, ILLINOIS SAM'S            )
CLUB STORE/GROCERY IN HODGKINS                 )
ILLINOIS #6384; ELDER _____, STORE           )
MANAGER OR MANAGER OF FRUITS AND               )
VEGETABLES, and WALMART, INC. d/b/a            )
SAM'S CLUB IN HODGKINS STORE #6384             )
                        Defendants.            )

## APPEARANCE AND 12 PERSON JURY DEMAND

We hereby enter our appearance for Defendants**, WALMART INC. and SAM'S WEST, INC.,** in the above-entitled cause, and demand a jury for the trial of said cause.

JOHNSON & BELL, LTD.

By: _____
        James P. Balog
        Attorneys for Defendants, WALMART
        INC. and SAM'S WEST, INC.

James P. Balog, Esq. (#6185185)
JOHNSON & BELL, LTD.
Attorneys for Defendants, Walmart Inc.
And Sam's West, Iinc.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
Telephone:  (312) 372-0770
Fax:  (312) 372-9818
balogj@jblltd.com

EXHIBIT
F